Memorandum. Order affirmed, with costs.
The applicable statute provides that: "Any complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice” (Executive Law, §297, subd 5). The alleged discriminatory practice was the manifested decision not to reappoint complainant. Hence, there is no basis for reasoning that the limitation did not start to run until complainant had completed her current term of employment. The act of giving complainant notice that she would not be reappointed gave rise immediately to a "cause of action”, as the Appellate Division observed, and therefore started the running of the limitation period. The analogy to Statutes of Limitation in general civil practice would lead to the same conclusion (CPLR 203, subd [a]; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.01). Nor is the limitation tolled by the invocation of grievance procedure which is merely an alternative remedy. In Federal practice under the Federal statutes a similar conclusion was reached by the Supreme Court (Electrical Workers v Robbins & Meyers, 429 US 229, 236-240).
*927 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.